# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE BROWN, KENITH RODGERS, KEITH RODGERS, KAYWAN PALMER, and BYRON JACKSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 12-cv-5710 |
| v. | ) ) | Hon. Robert M. Dow Jr. |
| CLUB ASSIST ROAD SERVICE U.S., INC., | ) ) ) | |
| Defendant. | | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AND/OR STRIKE AMENDED COMPLAINT**

Defendant Club Assist Road Service U.S., Inc. ("Club Assist"), by its undersigned attorneys and pursuant to Rules 12(b)(1), (6), and (7), 12(f) and 19(a) of the Federal Rules of Civil Procedure, respectfully submits this memorandum in support of its motion to dismiss and/or strike the amended complaint ("Complaint") filed by Maurice Brown, Kenith Rodgers, Keith Rodgers, Kaywan Palmer, and Byron Jackson ("Plaintiffs").

## INTRODUCTION

The Complaint should be dismissed because the allegations and attachments *preclude* a claim for relief against Club Assist. While Plaintiffs purport to assert wage claims against Club Assist under the FLSA, IMWL, and IWPCA, they make allegations and attach documents to their Complaint that confirm Club Assist was not their respective employer. Specifically, Plaintiffs concede that: (1) they are employees of service delivery companies ("SDCs"), separate and distinct corporate entities, which entered into contracts with Club Assist to provide roadside services, and (2) they "did not enter any agreement with Club Assist on their own behalf, and are not bound by the terms [of the contracts between the SDCs and Club Assist]"). To the extent that Plaintiffs seek to assert a wage claim against their employer, they have named the wrong defendants.

Plaintiffs' Complaint should be dismissed because: (1) Plaintiffs do not have standing to sue Club Assist; (2) Plaintiffs fail to state a claim for which relief can be granted; and (3) Plaintiffs fail to join the SDCs, which are necessary and indispensible parties.

## PLAINTIFFS' ALLEGATIONS IN THE COMPLAINT

Club Assist contracts with local businesses to provide roadside assistance and services to AAA members. DKT 26; Ex. A and B thereto. Beginning in 2009, Club Assist contracted with 2Browns LLC to provide such services. *Id.* at Ex. A. Club Assist and 2Browns LLC renewed

CI-9329643 v3

their agreement in July 2011. DKT 26 ¶ 32; Ex. B thereto. 2Browns LLC is an Illinois limited liability company. DKT 26, Ex. B.

Plaintiff Maurice Brown was employed by 2Browns LLC. DKT 26, Ex. B at 59. He was not employed by Club Assist. *Id.*

Plaintiffs claim that they created separate and distinct businesses (the "SDCs") that entered into agreements with Club Assist "in substantially the same form as the agreement" attached as exhibit A to the complaint (hereafter the "Agreements"). DKT 26 at ¶¶ 28-35, 40-44.

Plaintiffs did not enter into the Agreements (or any agreement) with Club Assist and have no rights or obligations under them. *See* DKT 26 at ¶¶ 61, 117. In fact, Plaintiffs disavow any personal obligations under the Agreements. *Id.* Specifically, Plaintiffs allege that the "contracts attached provide no rights to plaintiffs and fail to state the amount of plaintiffs' compensation." *Id.* They also allege that "Plaintiffs did not enter any agreement with Club Assist on their own behalf, and are not bound by the terms described in paragraph 113 [of the Complaint.]" *Id.*

## ARGUMENT

### A. The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(1) Because Plaintiffs Lack Standing

It is plaintiffs' burden to establish the required elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). *See also United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Plaintiffs must establish three elements to satisfy the standing requirement: (1) they must have suffered an "injury-in-fact;" (2) there must be a causal connection between the injury and the conduct forming the basis of the lawsuit — that is, the injury has to be traceable to the defendant and not the result of the conduct of a third person not a party to the action before the court; and (3) it must be likely that the injury will be redressed through a favorable decision by the court. *See Lujan*, 504 U.S. at 559-61.

Plaintiffs' Complaint does not satisfy the second requirement under the *Lujan* test. Plaintiffs' alleged "injury" is that they are owed unpaid wages. DKT. 26 at pp. 17-20. They admit, however, that the SDCs were their employers and that they were not personally bound by any Agreements with Club Assist. DKT. 26 at ¶¶ 61, 117, Ex. B at 59. Based on their own allegations and attachments, Plaintiffs' alleged injury is not traceable to Club Assist. If such injury exists, it is the result of conduct of a third person not a party to the action, *i.e.* the SDCs.

Club Assist entered into Agreements with the SDCs. DKT 26, Ex. B.[1] Those Agreements are silent on what, when, where and how the Plaintiffs are paid or the hours they must work, which is at the heart of Plaintiffs' claims against Club Assist. The SDCs determined what, when, where and how the Plaintiffs were paid, the Plaintiffs' schedule, and the number of hours each Plaintiff had to work. The Plaintiffs' alleged injuries, therefore, are attributable to the conduct of the SDCs (i.e. third parties) – not Club Assist. Article III does not allow the Court to ignore the contracts that connect Plaintiffs' injuries to the conduct of the SDCs, and the facts contained therein destroy Plaintiffs' standing and the Court's subject matter jurisdiction.

Plaintiffs' request for the rescission of the Agreements creates other standing issues. *See* DKT 26 at pp. 18 ¶ B, 20 ¶ B, 22 ¶ B, 24 ¶ B. A nonparty to a contract generally does not have standing to challenge the legality of the contract. *Seymour v. Hug*, 485 F.3d 926, 929 (7th Cir. 2007)(holding that party's attorney lacked standing to challenge the validity of a settlement agreement where the attorney was not a party to that agreement, even though the agreement resulted in a reduction of her recoverable fees); *see also Marcap Corp. v. National Medical Imaging of Reisterstown*, 2007 WL 2461668, *1 (N.D. Ill. Aug. 27, 2007)(granting motion to dismiss one defendant's counterclaim for breach of contract because "as a nonparty to the

---

[1] Moreover, Plaintiffs allege that the Agreements do not apply to them. DKT 26 at ¶¶ 61, 117.

agreements at issue …he plainly lacks standing…"); *Smithkline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F.Supp.2d 1002, 1006 (N.D. Ill. 2003).

Thus, pursuant to Rule 12(b)(1), this Court should dismiss the Complaint in its entirety and with prejudice.

> **B.  The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(6) because Plaintiffs Fail to State a Claim upon Which Relief can be Granted**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Houlihan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court must accept only well-pleaded factual allegations as true; conclusory allegations are disregarded. *Sprint Spectrum, L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). "Where the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A "court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Moreover, the Court must treat the contracts attached to Plaintiffs' Complaint as a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F. 3d 750, 754 (7th Cir. 2002) (emphasis in original). "The fact remains that where a plaintiff attaches documents and relies upon the documents to form a basis for a claim or part of a claim, dismissal is appropriate if the document

negates the claim." *Id.* *See also Jefferson v. Ambroz*, 90 F. 3d 1291, 1296) ("[i]f a plaintiff chooses to plead particulars, and they show he has no claim, then he is out of luck – he has pleaded himself out of court"). Indeed, a plaintiff may plead himself out of court by attaching documents to the complaint that show that he or she is not entitled to judgment. *Thompson*, 300 F. 3d at 753-54.

### 1. Plaintiffs Fail to State a Claim for Relief under the IWPCA

The Illinois Wage Payment and Collection Act ("IWPCA") requires that a claim for compensation be based on a "contract or agreement" between an employer and an employee. *See* 820 ILCS §115/2 (defining "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece or any other basis of calculation"). Plaintiffs have pled the existence of contracts – for example the Club Assist/2Browns LLC Agreements -- and have attached them to their Complaint. DKT 26 at ¶¶ 30-32, and Ex. A and B thereto. Plaintiffs, however, admit that they are not parties to those Agreements, and this fact is fatal to their IWPCA claim. DKT 26 at ¶¶ 61, 117, and Ex. A and B thereto. Moreover, Plaintiffs expressly disavow any personal rights under the Agreements by alleging that the "contracts attached provide no rights to plaintiff and fail to state the amount of plaintiffs' compensation." *Id.* at ¶ 61, and Ex. A and B thereto.

Unlike the FLSA and IMWL, the IWPCA does not establish a substantive right to overtime pay or any other kind of wage. *See DeMarco v. Northwestern Memorial Healthcare*, No. 10 C 397, 2011 WL 3510896 at *6 (N.D. Ill. Aug. 10, 2011) (citing *Lopez v. Smurfit-Stone Container Corp.*, No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. Feb 10, 2003) ("The IWPCA [does] not create . . . entitlement to overtime wages.") In fact, the Seventh Circuit has stated that

the IWPCA merely requires 'that the employer honor his contract.'") (quoting *National Metalcrafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986)). The IWPCA "mandates overtime pay (or any other kind of wage) only to the extent the parties' contract or agreement requires such pay." *DeMarco*, 2011 WL 3510896 at *6. Plaintiffs allege that the attached contracts do not provide them with any rights. DKT 26 at ¶ 61. In fact, Plaintiffs plead that they have not entered into any agreement with Club Assist on their own behalf and are not bound by the terms of the attached contracts. *Id.* at ¶ 117. Because they fail to plead the existence of an agreement between themselves and Club Assist, Plaintiffs' IWPCA claim fails.

Plaintiffs have pled themselves out of court with respect to their claim against Club Assist under the IWPCA and, accordingly, this Court should dismiss Count III.

### 2. Plaintiffs Fail to State a Claim for Relief under the FLSA or IMWL

In Counts I and II, Plaintiffs assert claims for overtime and minimum wage under Sections 206 and 207 of the Fair Labor Standards Act ("FLSA") and under the Illinois Minimum Wage Law ("IMWL"), respectively. Their claims, however, are either (1) plainly contradicted by the contracts they attach to the Complaint and their own allegations, or (2) insufficient to state a claim under *Twombly* and its progeny.

A violation of FLSA Section 206(a) occurs when an employee is paid at a rate below the minimum wage rate. *Hensley v. MacMillian Bloedel Containers, Inc.*, 786 F. 2d 353, 357 (8th Cir. 1986); 29 U.S.C. § 206(a). A violation of FLSA Section 207(a) occurs when employers fail to pay overtime to employees who work more than 40 hours per week. 29 U.S.C. § 207(a). A court should dismiss an FLSA claim when a plaintiff fails to allege when he worked over 40 hours in a week and how many overtime hours he worked without compensation. *See Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *3 (N.D. Ill. Sept. 1, 2011).

The same general analysis applies to Plaintiffs' claims under the FLSA and IMWL. *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993). *See also Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 843 (N.D. Ill. 1998); *Haynes v. Tru-Green Corp.*, 154 Ill. App. 3d 967, 977, 507 N.E.2d 945, 950-951 (Ill. App. 4th Dist. 1987); *Knapp v. City of Markham*, No. 10-cv-3450, 2011 WL 3489788, *8 (N.D. Ill. Aug. 9, 2011). Similar to the FLSA analysis, a court should dismiss an IMWL claim if the plaintiff does not allege sufficient facts to demonstrate how an employer's payment method resulted in a violation of the IMWL. *See Franks v. MKM Oil, Inc.*, No. 10-cv-13, 2010 WL 3613983, *5 (N.D. Ill. Sept. 8, 2010).

Plaintiffs allege that they did not enter into the Agreements with Club Assist and have no rights or obligations under those Agreements. *See* DKT 26 at ¶¶ 61, 117. After alleging that they are not bound by the Agreements, Plaintiffs then allege that "[a]s set out in the contracts attached as exhibits and incorporated into this complaint, Club Assist controls at all times the manner in which plaintiffs perform their work." *Id.* at ¶ 69. Plaintiffs list numerous duties owed by the SDCs to Club Assist. In direct contravention of their other allegations and the clear language in the Agreements, Plaintiffs allege that they personally owed those obligations to Club Assist. *See id.* at ¶¶ 70-110. The attachments to the Complaint, however, explicitly state that each and every one of those duties was owed by the SDCs to Club Assist; not from the individual Plaintiffs to Club Assist. *See* DKT 26, Ex. B at Sections 4-10. The SDCs determined what, when, and how the Plaintiffs were paid, the Plaintiffs' schedule, and the number of hours each Plaintiff had to work.

For example, Plaintiffs' allegation that "Club Assist expects Plaintiffs to be on call for 17.5 hour shifts, seven days a week" (DKT 26 at ¶ 54) is directly contradicted by the Agreements they attached to their Complaint and their own allegations. *See* DKT 26, Ex. B at §§ 4.1, 5.1.

The Agreements contain no mention of Plaintiffs performing any work – much less the hours of their work. DKT 26, Ex. B. That is consistent with Plaintiffs' allegation that they were not personally bound by the terms of the Agreements. *See* DKT 26 at ¶¶ 61, 117.

A plaintiff may plead himself out of court by attaching documents to the complaint that show that he or she is not entitled to judgment. *Thompson*, 300 F. 3d at 754. Since this Court cannot ignore the contracts that Plaintiffs attach to their Complaint and their own allegations that they are not bound by those contracts, the Court must dismiss Count I of the Complaint with prejudice pursuant to Rule 12(b)(6).

In relation to their IMWL claim, Plaintiffs allege without support that "[a]fter deductions purportedly authorized by the contracts, Club Assist paid or pays plaintiffs an amount that is less than the minimum wage" and "all of the plaintiffs still typically work or worked 85 hours per week." DKT 26 at ¶¶ 56, 59. Plaintiffs fail to allege when their wages fell below minimum wage or how deductions applicable to the SDCs (not Plaintiffs) resulted in them being paid below minimum wage. Plaintiffs seem to allege that the contracts attached to their Complaint provide a basis for Club Assist to take expenses and other charges out of Plaintiffs' compensation, but the Complaint does not allege how this occurs. This is a problem, not only because it fails to pass muster under *Twombly* (as discussed below), but more basically because it fails to explain the contradicting requirements set forth in the Complaint's exhibits which provide that the alleged deductions only affect the SDCs. *See* DKT 26, Ex. B at § 14. Importantly and despite Plaintiffs' vacillating allegations, the SDCs and Plaintiffs are not the same and do not have the same rights and obligations. Consequently, this Court should dismiss Counts I and II with prejudice.

Even if this Court determines the exhibits do not trump the allegations, Plaintiffs' threadbare allegations are insufficient to state claims under the FLSA. For alleged violations of FLSA Section 206(a), Plaintiffs conclusively state: "[a]fter deductions purportedly authorized by the contracts, Club Assist paid or pays plaintiffs an amount that is less than the minimum wage." DKT 26 at ¶ 59.[2] For alleged violations of FLSA Section 207(a), Plaintiff summarily concludes that "all of the plaintiffs still typically work or worked 85 hours per week" and that "Club Assist pays no overtime although plaintiffs work more than 85 hours per week." *Id.* ¶¶ 56, 60.[3] Both of those allegations are premised upon nothing – they simply sit suspended over thin air without any facts pled to support them. For example, though Plaintiffs allege they worked over 40 hours in a week, they do not allege how many overtime hours they worked in a given week without compensation or when their compensation fell below minimum wage. *See Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *3 (N.D. Ill. Sept. 1, 2011) (collecting cases and dismissing FLSA action for failure to plead when plaintiff worked over 40 hours in a week or how many overtime hours plaintiff worked without compensation); *see also Butler v. East Lake Mgmt. Group, Inc.*, No. 10-cv-6652, 2012 WL 2115518, *5 (N.D. Ill. June 11, 2012); *Robertson v. Steamgard*, No. 11-cv-8571, 2012 WL 1232090, *1 (N.D. Ill. April 12, 2012). Indeed, it is insufficient to state a claim under the FLSA by simply pleading that Plaintiffs are employees of Club Assist, that they worked an unidentified amount of time without minimum wage, and that they worked an unspecified amount of time over 40 hours per week. *See Wilson*, 2011 WL 390892 at *3.

---

[2]   Of course, that allegation is contradicted by the terms of the Agreements. Under the Agreements, Club Assist does not pay any amount to Plaintiffs. Rather, Club Assist's obligation for payment is to the SDCs. DKT 26, Ex. B at § 14.

[3]   In the original complaint, Plaintiff Maurice Brown alleged that he "typically" worked over 100 hours per week. DKT 1 at ¶ 39.

The Complaint does not include allegations sufficient to survive a motion to dismiss under 12(b)(6). *See Wilson*, 2011 WL 3950892, at *2-3. In *Wilson*, the complaint was dismissed under Rule 12(b)(6) for failure to sufficiently allege an FLSA claim. *Id.* The *Wilson* plaintiff did not allege when she worked hours for which she was not properly compensated or "how many overtime hours she worked without proper compensation." *Id.* at *2. While the *Wilson* plaintiff alleged that defendant's actions were "deliberate, voluntary, intentional, and willful" and "were not based upon good faith or reasonable grounds," the Court found that such vague allegations were deficient because they amounted to "nothing more than conclusory recitals of a cause of action." *Id.* at *3. Accordingly, explaining that such allegations were "insufficient," the Court granted the defendant's motion to dismiss. *Id.; see also Butler*, 2012 WL 2115518 at *5 (granting motion to dismiss FLSA claim where plaintiff alleged that he "frequently… work[ed] overtime hours in excess of forty hours in a work week," but the defendant "did not compensate him for all the overtime worked on call."); *Robertson*, 2012 WL 1232090 at *1.

Plaintiffs' Complaint suffers from the same deficiencies. Like the plaintiff in *Wilson*, Plaintiffs do not allege when or how many hours they worked without proper compensation. DKT 26 in its entirety. Likewise, Plaintiffs' allegation that Club Assist's conduct was "willful" is nothing more than a single conclusory recital of the same: "[b]y the acts set forth above and by the oppressive and one-sided nature of the contracts attached, Club Assist has acted in willful violation of the FLSA provisions for minimum wage and overtime." *Id.* at ¶ 153. Accordingly, this Court should dismiss Counts I and II.

### 3. Plaintiffs Fail to State a Claim for Relief under ERISA

In Count IV of the Complaint, Plaintiffs contend that Club Assist violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), by wrongfully denying them the right to participate in the various welfare benefit plans that Club Assist maintains for its

- 10 -

eligible employees (collectively, the "Plan"). DKT 26 at ¶ 179. Plaintiffs seek a declaration under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that they are entitled to benefits due under the Plan and to participate in the Plan in the future. DKT 26 at p. 24 ¶ C.[4] However, Plaintiffs fail to allege facts sufficient to constitute a cause of action under ERISA § 502(a)(1)(B) because the Complaint makes no mention of Plaintiff pursuing, much less exhausting, the Plan's administrative remedies before filing suit, as is required in this Circuit. *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002).

Plaintiffs' claims in Count IV of the Complaint should be dismissed pursuant to Rule 12(b)(6), because Plaintiffs fail to plead that they exhausted their administrative remedies under the Plan prior to filing suit. Count IV of Plaintiffs' Complaint seeks to "recover from Club Assist all benefits due to [plaintiffs] under the various welfare benefit plans maintained by Club Assist…." DKT 26 at ¶ 180. To recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiffs must establish that they have "satisfied the conditions necessary for benefits under the plan." *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992). The Seventh Circuit has held that exhaustion of administrative appeals is one such condition; thus, "[a]s a prerequisite for filing suit, an ERISA plaintiff must exhaust his internal administrative remedies." *Zhou*, 295 F.3d at 679 (noting that this requirement furthers the goals of minimizing the number of frivolous lawsuits and enables the preparation of a more complete factual record).

When a plaintiff does not allege exhaustion of administrative remedies, courts in this Circuit dismiss the complaint. *Gupta v. Freixenet, USA, Inc.*, 908 F. Supp. 557, 564 (N.D. Ill. 1995) (citing *Smith v. Blue Cross & Blue Shield,* 959 F.2d 655, 658 (7th Cir.1992)); *Potter v. ICI*

---

[4] Plaintiffs also seek relief in form of rescission of the contract (*see* DKT 26 at p. 24 ¶ B), which is not an available remedy under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). ERISA § 502(a)(1)(B) only authorizes a claimant to bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

*Americas, Inc.*, 103 F. Supp. 2d 1062, 1066-67 (N.D. Ind. 1999) (citing *Coats v. Kraft Foods, Inc.*, 12 F. Supp. 2d 862, 868-69 (N.D. Ind. 1995)). In *Potter,* the court granted a motion to dismiss where "[plaintiff] makes no allegations that he made any claim for benefits. Instead he simply states that [his employer] wrongfully classified him as an independent contractor. . . . Thus, on the face of [plaintiff's] complaint, we must conclude that he has insufficiently alleged exhaustion of administrative remedies." *Potter*, 103 F. Supp. 2d at 1066-67.

Here, Plaintiffs' allegations fall far short of pleading exhaustion of administrative remedies. The fatal deficiencies of the *Potter* complaint are mirrored in the Complaint before this Court. Specifically, Plaintiffs do not allege that they have exhausted their administrative remedies under the Plan. More specifically, Plaintiffs fail to allege that they have made a claim for benefits under the Plan, that the Plan Administrator denied such a request, or that they used the administrative appeals process provided by the Plan. Instead, Plaintiffs merely allege that Club Assist wrongfully classified them as independent contractors rather than employees eligible for coverage under the Plan. *See* DKT 26 at ¶ 158.[5] As such Count IV of Plaintiffs' Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).[6]

    **C.    The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(7) and Rule 19(a) Because Plaintiffs Failed to Join Necessary and Indispensible Parties**

Rule 19(a)(1) requires in relevant part that a party who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction be joined as a party to an action when the court cannot accord complete relief among existing parties in that person's

---

[5] There are two exceptions that excuse a plaintiffs' failure to exhaust remedies before proceeding with an ERISA suit: (1) if there is lack of meaningful access to review procedures, or (2) if pursuing internal remedies would be futile. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996); *see also Stark v. PPM Am., Inc.*, 354 F.3d 666, 671 (7th Cir. 2004). None of Plaintiffs' allegations demonstrate that there has been a lack of meaningful access to review procedures, or that pursuing internal remedies would be futile. Therefore, Count IV must be dismissed due to Plaintiffs' failure to exhaust their administrative remedies under the Plan.

[6] Club Assist identified this deficiency in its original motion to dismiss. DKT 19 at pp 11-12. Although Plaintiffs subsequently amended their complaint, they failed to address this deficiency. DKT 26 in its entirety.

absence. *See* Fed. R. Civ. P. 19(a)(1). The SDCs are undeniably such parties, and under 12(b)(7), this Court should dismiss Plaintiffs' Complaint for failure to join them.

Plaintiffs request that the Court set aside the Agreements attached to their Complaint between the SDCs and Club Assist. *See* DKT 26 at pp. 18 ¶ B, 20 ¶ B, 22 ¶ B, 24 ¶ B. By law, a judicial declaration as to the validity of a contract necessarily affects, as a practical matter, the interests of both parties to the contract. *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir 1996); *see also Travelers Indem. Co. v. Household Int'l., Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991). ("[A] contracting party is the paradigm of an indispensible party"). No procedural principle "is more deeply imbedded in the common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensible." *Hall*, 100 F.3d at 479.

The SDCs entered into the Agreements with Club Assist. *See* DKT 26 at ¶¶ 28-35, and Ex. B thereto. The SDCs are not parties to this action. DKT 26 at ¶ 116. Plaintiffs seek rescission of the Agreements between the SDCs and Club Assist. *See* DKT 26 at pp. 18 ¶ B, 20 ¶ B, 22 ¶ B, 24 ¶ B. Accordingly, the SDCs are non-parties who will have a legally protectable contract interest taken from them in the event the Agreement between them and Club Assist is set aside. A contracting party is a necessary and indispensable party. *Hall*, 100 F.3d at 479; *Travelers*, 775 F. Supp. at 527. Thus, pursuant to Rule 12(b)(7), Plaintiffs' Complaint should be dismissed in its entirety.[7]

---

[7] Club Assist identified this deficiency in its original motion to dismiss. DKT 19 at pp 13. Although Plaintiffs subsequently amended their complaint, they failed to address this deficiency. DKT 26 in its entirety.

**D.    The Court Should Strike the Jury Demand in relation to the IWPCA, IMWL and ERISA Claims and the Claim for Punitive Damages under the IMWL**

Rule 12(f) allows the court to order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent or scandalous matter. "The court possesses considerable discretion in disposing of a motion to strike." *Benjamin v. Marshal P. Morris, Ltd.*, No. 97 C 6714, 1998 WL 299434 at *6 (N.D. Ill. May 20, 1998). There is no right to a jury trial under ERISA or the IWPCA. *Id.* (holding that the "jury demand must be stricken because the Seventh Circuit has held that there is no right to a jury trial in actions brought under Section 502 of ERISA"); *Zuckerman v. United of Omaha Life Ins. Co.*, No. 09 CV 4819, 2011 WL 2173629 at *5-6 (N.D. Ill. May 31, 2011) (holding that the Seventh Circuit continues to hold that jury trials are unavailable under ERISA and citing cases); *Catania v. Local 4250/5050 of the Communication Workers of America*, 834 N.E.2d 966, 970-73 (Ill. App. Ct. 2005) (holding that there is no right to a jury trial under the IWPCA). Accordingly, this Court should strike the jury demand relating to those claims.

The Illinois Constitution provides that the "right of a trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, § 13. "This provision guarantees the right to a jury trial in actions that carried such a right under the common law when the Illinois Constitution was adopted." *Catania*, 834 N.E.2d at 970. In all other actions, there is no right to a jury trial unless the legislature specifically provides for the right to a jury trial by statute. *Id.* An IMWL claim does not have its origin in the common law and the legislature did not provide for the right to a trial by jury. *See Seaman v. Thompson Elec. Co.*, 758 N.E.2d 454, 456-58 (Ill. App. Ct. 2001) (holding that there is no right to a jury trial under the Prevailing Wage Act and noting "there exist other statutory suits for wages which do not have their origin in the common law and for which the legislature has not provided the right to a trial by jury. *See, e.g.*, 820 ILCS

105/12(a) (West 2000) (Minimum Wage Law)"); *cf. Catania*, 834 N.E.2d at 970-73. This Court, therefore, should strike the jury demand relating to the IMWL claim.

In Count II, Plaintiffs also seek "punitive damages and penalties equal to 2 percent of the underpayments of minimum wage due to plaintiffs for each month following the date of any underpayment as authorized by Illinois law." DKT 26 at 20 ¶ E. The IMWL, however, does not provide for punitive damages to private litigants. *See* 820 ILCS 105/12(a). Accordingly, this Court should strike Plaintiffs' demand for punitive damages.

## CONCLUSION

For the foregoing reasons, Defendant Club Assist Road Service U.S., Inc. respectfully requests that the Court grant its motion to dismiss and enter an order dismissing Plaintiffs' Complaint in its entirety, or in the alternative granting Defendant's motion in part and ordering the following relief:

(A) Dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to establish their standing to sue Club Assist Road Service U.S., Inc.;

(B) Dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted;

(C) Dismissal of Plaintiffs' Complaint pursuant to Rules 12(b)(7) and 19(a) of the Federal Rules of Civil Procedure for failure to join necessary and indispensible parties; or

(D) Strike Plaintiffs' jury demand in relation to Counts II, III and IV, and claim for punitive damages in Count II.

Dated: November 6, 2012
CLUB ASSIST ROAD SERVICE U.S., INC.
Defendant,

By: /s/ John T. Roache
One of Its Attorneys

John T. Roache
Melissa A. Siebert
Joel C. Griswold
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
T: (312) 372-1121
F: (312) 827-8095

**CERTIFICATE OF SERVICE**

The undersigned attorney for Defendant certifies that on November 6, 2012 he caused a copy of the foregoing Memorandum in Support of Motion to Dismiss and/or Strike Amended Complaint to be served upon the following counsel of record through the Court's ECF System:

> **Michael Paul Persoon**
> **Thomas Howard Geoghegan**
> **Sean Morales Doyle**
> DESPRES SCHWARTZ & GEOGHEGAN
> 77 West Washington Street, Suite 711
> Chicago, Illinois 60602

/s/ John T. Roache